### Addie Petty v. The State.

#### No. 702.    Decided October 12, 1910.

#### Keeping Disorderly House—Complaint—Filing—Date of Offense.

Where, in a prosecution for keeping a disorderly house, the complaint charged a violation of the law subsequent to making and filing the complaint, the prosecution could not be sustained. Following Lanham v. State, 9 Texas Crim. App., 232, and other cases.

Appeal from the County Court of Tarrant. Tried below before the Honorable Jno. L. Terrell.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200.

The opinion states the case.

*Parker & Parker,* for appellant.—On question of allegation of date of offense: Clement v. State, 22 Texas Crim. App., 23.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted under a charge of keeping a disorderly house.

The affidavit charges that she kept the house on the 3d day of February, 1910. The affidavit was made by H. G. Musick, and was sworn to on the 3d day of January, 1910, and as before stated it charges the offense as having been committed on February 3d, 1910, or about thirty days after the complaint was made. It is contended for this reason the judgment must be reversed; that the complaint charges a violation of the law subsequent to making the complaint. This point is well taken. The complaint must charge that the violation of the law occurred prior to making the affidavit. Lanham v. State, 9 Texas Crim. App., 232; Jennings v. State, 30 Texas Crim. App., 428; Womack v. State, 31 Texas Crim. App., 41; Watson v. State, 45 S. W. Rep., 718.

The judgment is reversed and the prosecution is ordered dismissed.

*Dismissed.*