## J. C. HOWARD, JR. V. STATE

No. 27,216.   December 8, 1954

*Kyle Vick*, Waco, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The complaint sworn to on May 4, 1954, alleged that appellant transported whisky without a permit on or about May 3, 1954. The information, following the allegation of the complaint, was filed on May 5, 1954, and, on the same day, judgment was entered on a plea of guilty before the court and a fine of $200 assessed by the court.

Appellant's Bill of Exception No. 1, as approved by the trial judge, certifies that the offense to which appellant pleaded guilty was committed on the 5th day of May, 1954.

It thus appears that the offense for which appellant was convicted and to which he pleaded guilty was not committed until after the complaint upon which the information was based had been sworn to.

The complaint and information will not support the conviction for an offense commited after the complaint had been sworn to. Bradshaw v. State, 156 Texas Cr. R. 441, 243 S.W. 2d 586; Gaines v. State, 269 S.W. 2d 679; Petty v. State, 60 Texas

Cr. 64, 131 S.W. 215; Cowan v. State, 69 Texas Cr. R. 614, 155 S.W. 214.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.