Jim Cowan v. State.

No. 2362. Decided March 19, 1913.

Local Option—Information—Date of Offense.

Where the evidence showed that the offense was committed four days after the complaint and information were filed, the conviction could not be sustained.

Appeal from the County Court of Nolan. Tried below before the Hon. John H. Cochran.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty-five days confinement in the county jail.

The opinion states the case.

W. E. *Ponder,* for appellant.—Cited Munford v. State, 35 Texas Crim. Rep., 237; Blake v. State, 3 Texas Crim. App., 149.

C. E. *Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged by complaint and information with a misdemeanor. The complaint was filed on the 14th of June, 1912, charging the offense was committed on the 13th of June, prior to making the affidavit. The information predicated upon the complaint was filed June 14th, and follows the

allegations in the complaint. The violation is charged to be against the local option law, and Cook, the alleged purchaser, says that on the 18th of June, 1912, he bought a pint of whisky from appellant. This offense, under Cook's testimony, was committed four days after the complaint and information were filed. The complaint must allege an offense committed prior to its being sworn to and filed.

The judgment is reversed and the cause is remanded.

.                                               *Reversed and remanded.*