J. T. MONROE V. THE STATE.

No. 22577.   Delivered June 25, 1943.

The opinion states the case.

*J. G. Minkert,* of Bryan, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for wife and child desertion, punishment one year in the penitentiary.

The indictment was returned on September 18, 1941. It contained two counts. The first charged desertion of the wife who was alleged to be in necessitous circumstances. The second charged desertion and failure to support the children. The offense is alleged to have occurred on or about January 1, 1941. For some reason appellant was not tried until February 24, 1943, one year and seven months after being indicted. In February, 1942, appellant's wife had secured a divorce. At the time of trial she admitted that she was living with another man without the formality of a marriage. It was a sharply contested issue whether this man or appellant was the father of the youngest child named in the indictment.

The only bill of exception complains because the ex-wife of appellant was permitted to testify that from January 1, 1941, until February 24, 1943, appellant had not contributed to the support of her or the children except some small sums paid her before the indictment was returned. Appellant objected to the evidence because it was not permissible to prove any acts of commission or omission against appellant after the date of the return of the indictment, and further, because the ex-wife had secured a divorce from appellant long before the date of the trial. The indictment would furnish no basis for proving an offense committed by appellant after the indictment had been returned into court. It is true the trial court in his charge told the jury if appellant did the things alleged "on or about the 1st day of January, 1941" they should convict, but it is obvious that the evidence complained of was harmful. Cowan v. State, 155 S. W. 214; Kincaid v. State, 8 Tex. Cr. App. 465; Clements v. State, 22 Tex. Cr. R. 23, 2 S. W. 379; McCoy v. State, 3 Tex. Cr. App. 399.

In view of another trial we call attention to the following situation. The prosecution was under Art. 602 P. C. which makes it a felony for a husband (a) to wilfully desert his wife who is

in necessitous circumstances, and (b) for a father to wilfully desert or fail to support his child who is under 16 years of age. While one of the punishments allowed is that ordinarily affixed to misdemeanors, nevertheless, the offenses are felonies because a penitentiary sentence may be imposed, (Art. 47) and the rules applicable to felony prosecutions generally must prevail. While wife desertion and child desertion are of a similar nature, they are, nevertheless, distinct felonies.

The indictment charged the two felonies in two separate counts. Both counts were submitted to the jury and appellant was found guilty upon both counts, and adjudged to be guilty of both wife desertion and child desertion. As long as the offenses were misdemeanors that procedure was permissible;—not so since they have been made felonies. Mr. Branch in his Texas Penal Code, page 262 states the rule to be that "While different felonies may be charged in different counts of the indictment if they are of the same nature, differing only in degree, yet a conviction for both offenses cannot be had under such indictment." Among other cases cited is Miller v. State, 16 Tex. Cr. App. 417.

It has been consistently held that under an indictment alleging two or more felonies in different counts accused may not be convicted of two or more felonies upon one trial under one indictment. See Wimberly v. State, 94 Tex. Cr. R. 1, 249 S. W. 497. Wooten v. State, 111 Tex. Cr. R. 524, 15 S. W. (2d) 635, in which many cases are cited.

Appellant has made no complaint of the erroneous procedure last adverted to, and we do not base a reversal thereon, but upon the error shown by bill of exception number one.

The judgment is reversed and the cause remanded.