Harvey C. FORTUNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 031–86.

Court of Criminal Appeals of Texas, En Banc.

Jan. 27, 1988.

William E. Hall, Jr., George E. Renneberg, Conroe, for appellant.

Peter C. Speers, III, Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was charged in a single indictment with burglary of a habitation with the intent to commit the felony offense of sexual assault and, by a separate count, aggravated sexual assault. The jury found him guilty and assessed punishment for the burglary offense at fifteen years imprisonment and thirty years imprisonment for the sexual assault. On appeal to the Beaumont Court of Appeals, the burglary conviction was affirmed, but the sexual assault conviction was reversed. *Fortune v. State*, 699 S.W.2d 706 (Tex.App.—Beaumont 1985). The Court of Appeals based its findings on its interpretation of caselaw which prohibits the State from obtaining a conviction for more than one offense aris-

ing from the same transaction alleged in one charging instrument. The State petitioned this Court for discretionary review, which we granted to consider the propriety of the Court of Appeals' decision. We will affirm the judgment of the Court of Appeals.

In its opinion, the Court of Appeals first indicated that appellant objected to the multiple convictions before the punishment phase of the trial. The Court referred to V.T.C.A. Penal Code, § 22.021, and held that aggravated sexual assault was certainly a separate and distinct offense from burglary of a habitation. The Court next stated that the State had wrongly conceded that the burglary and sexual assault were offenses committed in the same transaction, then referred to this Court's decisions in *Drake v. State,* 686 S.W.2d 935 (Tex.Cr. App.1985) (opinion on appellant's petition for discretionary review) and *Ex parte Siller,* 686 S.W.2d 617 (Tex.Cr.App.1985) and stated:

"*Article 37.07, § 1(b)* provides, in substance, that if the plea is not guilty the jury must find that the defendant is either guilty or not guilty and they shall assess the punishment in all cases. Even more cogent and compelling is the language of *art. 37.07, § 1(c),* providing, in substance, if the charging instrument contains more than one count *or* if two or more offenses are consolidated for trial pursuant to Chapter 3 of the Penal Code, the jury shall be instructed to return a finding of guilty or not guilty in a separate verdict as to each count and offense submitted to them. The word *or* is paramountly important to the construction of *art. 37.07, § 1(c).* Here, we perceive, *or* is used as a co-ordinate conjunctive connecting two phrases or two clauses of equal rank.

... [A] proper reading [of Art. 37.07, § 1(c) ] would be: 'If the charging instrument contains more than one count, the jury shall be instructed to return a finding of guilty or not guilty in a separate verdict as to each count and offense sub-

mitted to them.' ... Being an intermediate court, we feel constrained to follow *Ex parte Siller,* supra, *although we think it was decided wrongly*—at least under the facts of this case." [Emphasis added]

*Fortune,* supra at 708.

We granted the State's petition for discretionary review to consider the following issues:

1. Were the two offenses committed by appellant part of the "same transaction" as that term is used in *Siller,* supra, and *Drake,* supra?

2. At what point must a defendant object, if at all, to preserve error under the *Siller* and *Drake* rationale?

3. Was *Siller,* supra, wrongly decided, at least in the context of this case, as was stated by the Court of Appeals?

4. Is the Court of Appeals' interpretation of Art. 37.07, § 1(c) correct?

█ In order to examine these issues, we must examine briefly the law of joinder. There are two basic rules that govern joinder of offenses in charging instruments: (1) the State may allege more than one offense in a single charging instrument if the offenses constitute the repeated commission of the same property offense under Title 7 of the Penal Code; and (2) the State may not allege more than one non-property offense in a single charging instrument regardless of the number of the transactions involved.

The first rule is stated in Art. 21.24, V.A.C.C.P.:

Two or more offenses may be joined in a single indictment, information or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.

Criminal episode is defined in V.T.C.A. Penal Code, § 3.01 [1] as "the repeated commission of any one offense defined in Title 7 of the code (Offenses Against Property)." These two statutes indicate that it is per-

---

1. Since the time of this trial § 3.01, supra, has been amended extensively. See Acts 1987, 70th Leg., ch. 387, eff. Sept. 1, 1987.

missible for the State to allege the repeated commission of the *same* property offense in one charging instrument. *Siller*, supra.

█ The second rule comes from a narrow reading of Art. 21.24, supra, and Penal Code, § 3.01, supra. These statutes have been interpreted as permitting the joinder of more than one offense in a charging instrument *only* when it is the repeated commission of the same property offense. *Drake*, supra. This necessarily means that a single charging instrument may not:

1) allege more than one non-property offense;

2) allege statutorily different property offenses, or;

3) allege one property and one non-property offense.

Conversely, a single charging instrument may contain multiple allegations of the *same offense* in different paragraphs.

In order to understand why different offenses may not be joined, it is necessary to trace the history of the joinder rules. Before the principles of criminal procedure were codified, the common law mandated that only one conviction be obtained from one indictment. In 1879 Article 433 of the Code of Criminal Procedure allowed a charging instrument to contain multiple counts charging the same offense. *Offense was determined to mean criminal transaction. Dill v. State*, 35 Tex.Crim. 240, 33 S.W. 126 (1895). Article 433 remained unchanged in the 1895 and 1911 Codes.

In 1925 the successor to the 1879 Code's Article 433 was renumbered to 417 with no change in the substance of the statute. It should be noted that the 1895 and 1911 Codes also addressed this issue, but no substantive changes occurred. In 1965 Article 417 was combined with Article 408a to make Article 21.24. This revision added the phrase, "but may not charge more than one *offense.*" (emphasis added) This phrase was interpreted in *Vannerson v. State*, 408 S.W.2d 228 (Tex.Cr.App.1966) to mean that the State could allege more than one offense in a charging instrument if the

offenses were based on the *same incident, act or transaction.* This was not the interpretation anticipated by the legislature, as was to become apparent in 1973.

In 1973, in response to *Vannerson,* supra, Article 21.24, supra, was revised to its present form. It states that more than one offense may be joined in one charging instrument if the offenses arise from the same criminal episode. In determining the definition of criminal episode, the legislature rejected a proposed definition which included:

"all conduct ... incident to the attempt or accomplishment of a single criminal objective, even though the harm is directed toward or inflicted upon more than one person."

*Drake,* supra at 940. This rejected definition of criminal episode would have, upon adoption, codified the holding of *Vannerson* and *Dill,* supra, since this definition is a de facto definition of "criminal transaction". Instead, the legislature decided on the narrower definition found in V.T.C.A. Penal Code, § 3.01 and, in doing so, rejected the transaction concept imposed on past legislation by this Court.

In 1983 this Court handed down *Meeks v. State,* 653 S.W.2d 6 (Tex.Cr.App.1983). *Meeks,* supra, held that the 1974 revision of article 21.24 did not change the previous authorization to allege more than one offense in an indictment if the offenses arose out of the same criminal transaction. The new statute merely provided an *additional* instance of when several offenses may be alleged. As pointed out in *Drake,* supra, this holding completely ignores the significance of the evolution of article 21.24. The purpose of the 1974 revision was to make clear that the *Vannerson* interpretation of offense was *incorrect.* The correct holding in *Meeks,* supra, would have been:

When the statute says offense it doesn't mean criminal transaction, but rather it means one statutory offense as broken down by the Penal Code (i.e. assault, murder, abuse of office, etc.).

The *Meeks* opinion also ignores the legislature's refusal to define criminal episode broadly. By rejecting a definition that

would have allowed joinder of offenses that resulted from conduct directed toward accomplishment of a single criminal objective, the legislature was rejecting the practice approved by *Vannerson,* supra, of charging a defendant with multiple offenses that arose from the same incident, act or transaction.

■ The State may, of course, charge multiple offenses arising from different transactions in separate indictments (one offense per indictment) and consolidate them in one trial if the defendant consents under Art. 1.14, V.A.C.C.P. Such a procedure results in a separate conviction for each separate offense.

■ When the State violates the misjoinder rule by alleging different offenses in the same indictment, the defendant has three options. First, he may object to the charging instrument on the ground that the State has misjoined offenses. The trial court should then grant the motion to quash, or may, instead, force the State to elect the offense upon which it will proceed. *Smith v. State,* 64 Tex.Cr.R. 454, 142 S.W. 1173 (1912); *Blackwell v. State,* 51 Tex.Cr.R. 24, 100 S.W. 774 (1907). Another option is to forego the motion to quash and file a motion requesting that the State be made to elect the count upon which it will proceed. The trial court should grant the motion if the State has misjoined offenses. *Crosslin v. State,* 90 Tex.Cr.R. 467, 235 S.W. 905 (1921). The State must make the election by the end of the State's case and before the defense begins to present evidence. *Crosslin,* supra; *Smith,* supra; *Blackwell,* supra. The third option is to make no motion to quash or objection and urge the error on appeal.

If the trial court allows all of the counts containing all of the different offenses to go to the jury and the jury convicts, *Drake,* supra, states two rules:

1) when more than one offense arising from the *same* transaction is contained in one indictment there is fundamental error. Even if the defendant does not object to the joinder the appellate court can uphold only one conviction;

2) when offenses arising from *different* transactions are joined in one indictment, failure of the defendant to object waives the error and all the convictions can be upheld.

This latter rule from the *Drake* case violates the old common law doctrine of one conviction per indictment. It also emasculates the long-standing rule in this State that offenses arising from different transactions may not be joined in one charging instrument. *Campbell v. State,* 163 Tex.Cr.R. 545, 294 S.W.2d 125 (1956); *Smith v. State,* 101 Tex.Cr.R. 615, 276 S.W. 924 (1925). There is no indication that Article 21.24, supra, distinguishes between offenses arising from either the same or different transactions. Joinder of offenses is prohibited regardless of the number of transactions involved. The consequences of misjoinder, therefore, should be the same regardless of the "transaction" concept, absent some compelling statutory or judicial reason to treat them differently.

The rationale offered in *Drake,* supra, for the different treatment is given cursorily in one paragraph (686 S.W.2d at 944–945). The opinion first characterizes the clear prohibition against multiple offenses in one indictment as a "right" that can be waived just as most rights can be under Article 1.14, supra. Then *Drake* nakedly demands that a defendant must assert (as opposed to waive) that right or lose it. The purported authorities for this latter statement are *Wimberley v. State,* 94 Tex.Cr.R. 1, 249 S.W. 497 (1923), and *Monroe v. State,* 146 Tex.Cr.R. 239, 172 S.W.2d 699 (1943). The portion of *Wimberley,* supra, quoted below, states only that this Court does not feel called upon to raise the issue of two felony convictions under the same indictment *on its own motion.*

"Where the appellant makes no protest at being convicted for more than one felony under the same indictment [citation omitted] this court would not feel called upon to raise the question on its own motion. But such procedure is so fundamentally erroneous that it calls for review when raised at almost any time. After verdict the court's attention was called to the matter by motion denom-

inated one in arrest of judgment.... Upon the motion being overruled the complaint was again presented in the motion for new trial. That error has been committed which demands reversal there can be no doubt."

*Wimberley,* supra at 497. In *Monroe,* supra, if the defendant had complained *on appeal* of two convictions from one indictment he would have been heard, but since he did not do so the Court reversed on other grounds and noted this error "[i]n view of another trial".

From this point, *Drake,* supra, assumes as established the notion that "some character of objection *in the trial court* [is required]" (emphasis added). The caselaw patently indicates that the error will be reviewed as long as *on appeal some character of complaint is lodged,* even though no objection was lodged at trial. The cases relied on in *Drake,* supra, only stand for the proposition that this Court will not review this type of error sua sponte on appeal.

■ For the reasons stated, misjoinder errors should all be treated the same, and the concept of "different or same transaction" should be *removed* from the analysis of these issues.

With these concepts before us, we may now address the precise issues raised in the State's petition. First, we will consider the continuing viability of this Court's decision in *Siller,* supra. In that case, the defendant was charged with two sexual offenses which arose out of the same transaction. He did not object at trial and was convicted and sentenced for each offense. This Court reaffirmed the rule set out in *Drake,* supra, that regardless of the number of allegations in a charging instrument, the State may obtain only one conviction and one sentence thereon, except in cases concerning the repeated commission of one property offense listed in Chapter 7 of the Penal Code. The rule applied to this defendant since the State had alleged two offenses committed during the same transaction even though the defendant did not object to the misjoinder at trial. We held

that only one conviction and sentence could stand.

In *Drake,* supra, the defendant was charged in one indictment with two counts of capital murder which arose out of different transactions. We held that the State could obtain only one conviction and one punishment from one indictment. The record showed, however, that the defendant did not object to the misjoinder at trial. We held that if the offenses allegedly misjoined arose out of different transactions, then the defendant had an obligation to object to the error at trial or waive the issue on appeal. Since the defendant had not objected the error was waived and the multiple convictions were affirmed.

In its petition, the State contends, and rightfully so, that the two preceding opinions are irreconcilable, and that the bench and bar of this State deserve a clarification. We will now take the opportunity to do so. The basic issue here is not whether the State may obtain multiple convictions from one indictment. That issue has been clearly decided: multiple convictions may not be had from a single indictment, regardless of whether the offenses arose out of the same or different transactions. Rather, the real issue here is whether the defendant must object to misjoinder in order to preserve the issue on appeal. As observed by the State, the opinions in *Siller* and *Drake,* supra, do not provide a principled basis for the differences in their outcomes.

In *Siller,* supra, we observed that the law has long prohibited the State from obtaining multiple convictions for multiple offenses arising from the same transaction but alleged in a single indictment. Since the State had no such authority, any convictions obtained beyond the one offense rule were void. Thus, the defendant did not have to object at trial to preserve the issue for appeal since the error by its nature was fundamental.

In *Drake,* supra, however, we found that the defendant had to object at trial when the indictment contained more than one offense arising out of different transactions, or the error was waived. As previously stated, this holding was based upon

the finding that the defendant has a right to election by the State of which count it will proceed upon, and the general rule that every right of a defendant, except trial by jury in a capital felony, may be waived.

In *Siller*, supra, the reason that the misjoinder was considered error was that *the State had no authority upon which to base multiple convictions from a single indictment.* As such, the error was fundamental and any convictions obtained therefrom in excess of the one-offense one-conviction rule were void. The defendant was not, therefore, required to object since void actions were subject to review at any stage of the proceedings. See *Jones v. State*, 622 S.W.2d 109 (Tex.Cr.App.1981); *Keagan v. State*, 618 S.W.2d 54 (Tex.Cr.App.1981); *Thompson v. State*, 604 S.W.2d 180 (Tex. Cr.App.1980); and *Hughes v. State*, 561 S.W.2d 8 (Tex.Cr.App.1978).

In *Drake*, supra, however, the joinder of distinct offenses arising out of separate transactions was not error because the defendant has a *right* to one offense per indictment, but rather was error because *the State had no authority to allege more than one offense in a single indictment.* See *id.* at 943–4. Given that the factor common to the State's error was lack of authority, it follows that in either circumstance, convictions for more than one offense alleged in a single indictment are void. As such, objection to such convictions should be permitted at any time, with no trial objection requirement. We therefore overrule that portion of the *Drake* opinion which holds that when the State joins two or more offenses arising out of different transactions, such error must be objected to at trial or waived on appeal. We do, however, adhere to the basic one offense per indictment rule, regardless of whether the offenses arose out of the same or different transactions.

■ This holding disposes of the second and third grounds for review raised by the State. Since we affirm the indictment rule set forth in *Siller* and *Drake,* supra, and

since we have found that objections to misjoinder of this variety may be raised at any time, whether the Court of Appeals improperly found that the two offenses committed by appellant did not arise out of the same transaction is irrelevant. The State's first ground for review is therefore overruled.

Last, we find that the Court of Appeals properly interpreted the caselaw to require the reversal of one of the two convictions. Appellant was convicted and sentenced for commission of two offenses listed in the same indictment; thus, appellant's conviction for one of those offenses was properly reversed. The State's last ground for review is therefore overruled.

The judgment of the Court of Appeals reversing the sentence imposed for commission of the aggravated sexual assault is affirmed.[2]

CLINTON, J., dissents to this opinion.

## OPINION JOINING JUDGMENT OF THE COURT

TEAGUE, Judge.

The record in this cause reflects that appellant was charged by a single indictment with committing the felony offenses of burglary of a habitation with intent to commit the felony offense of sexual assault, which, as a matter of law, is a property offense, and aggravated sexual assault, which, as a matter of law, is a nonproperty offense. Art. 21.24(a), V.A.C. C.P., expressly provides that "Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, *if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code",* which relates to property offenses. (My emphasis.) Thus, it is only in the instance when an indictment alleges multiple offenses, and such offenses are offenses against property, that multiple convictions may be obtained on that indict-

---

**2.** We consider the statement in the Court of Appeals' opinion that the appellant can be retried for the offense of aggravated sexual assault to be dicta, and we express no opinion as to its correctness.

ment against the defendant. Here, there was clearly a misjoinder of offenses. Appellant is entitled to relief as to one of the convictions. The court of appeals correctly so held. See *Fortune v. State*, 699 S.W.2d 706 (Tex.App.–9th Dist.1985). The majority opinion by Judge Miller correctly affirms the judgment of the court of appeals.

In the concurring opinion that I filed in *Ex parte Siller*, 686 S.W.2d 617, 620 (Tex. Cr.App.1985), I argued, either expressly or implicitly, that because *Drake v. State*, 686 S.W.2d 935 (Tex.Cr.App.1985), was in conflict with what this Court had stated and held in *Ex parte Siller*, supra, it should be expressly overruled. Today, this Court, through Judge Miller's opinion, does just that; it expressly "overrules that portion of the *Drake* opinion which holds that when the State joins two or more offenses arising out of different transactions, such error must be objected to at trial or waived on appeal." Therefore, I enthusiastically join Judge Miller's opinion.[1]

Hopefully, in the very near future, this Court will also expressly overrule its majority opinion of *Ex parte Rathmell*, 717 S.W.2d 33 (Tex.Cr.App.1986), for the reasons that I expressed in the concurring and dissenting opinion that I filed in that cause, because, even though the court of appeals in this cause did not cite or discuss *Rathmell*, supra, by some of its suggestions in its opinions, it appears to me that it may have erroneously relied upon what the majority opinion in *Rathmell*, supra, erroneously stated and held. Thus, if this Court will expressly overrule *Rathmell*, supra, this should discourage the courts of appeals from suggesting what the Ninth Court of Appeals did in its opinion in this cause.

CAMPBELL, Judge, dissenting.

Once again I must dissent to this Court's backward step into the quagmire of "fundamental error." It would seem that when this Court is confused or in doubt about a legal concept, we resort in utter desperation to that talismanic phrase before which everything quakes and eventually tumbles to earth, "fundamental error."

In this cause, nowhere, no time, and in no way did the appellant object to being tried for burglary and aggravated sexual assault in the same trial. Perhaps he only had funds available to pay his attorney for only one trial. Perhaps his attorney felt that it was better tactical strategy to dispose of these two offenses in one trial rather than two. Whatever, the plain fact is that no objection was lodged to the proceeding and we assume therefore that appellant acquiesced in this proceeding.

The majority now holds that this whole proceeding is void. Under what theory? Art. 1.14(a) V.A.C.C.P. provides that a defendant may waive any rights secured him by law except the right of trial by jury in a capital felony case. In 1985, the Legislature added Art. 1.14(b) supra, providing that if the "defendant does not object to a defect, error or irregularity of *form or substance* in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding...." This addition, of course, only applies to charging instruments returned on or after December 1, 1985, but it quite obviously manifests the intent of the Legislature to look with disfavor upon the very concept of fundamental error in charging instruments.

The majority, having laid the fundamental error groundwork, then tells us that when the State violates the misjoinder rule, the defendant has three options. Two of those options, however, entail educating the State that it has made a grievous error, thereby affording the State the opportunity to right its torpedoed ship and to continue on its journey toward the conviction of the defendant, either through a corrected

---

1. Judge Miller has clearly demonstrated by his opinion for the Court that he knows how to use a weedeater, by the way he removes all of the weeds from the weedy opinion of *Ex parte Sil-* *ler*, supra. I also find that Judge Miller has also demonstrated that he is one fine fisherman by the way he guts *Ex parte Drake*, supra.

pleading, a timely election, or perhaps through the introduction of the flawed accusation as an extraneous offense.

That brings us to the third option identified by the majority, which in my view may be the *only* option that will be employed by an observant and intelligent lawyer, i.e., do absolutely nothing until an appeal is taken; an automatic reversal may then be obtained because of the majority holding that the error is *fundamental.* What this holding teaches us is that misjoinder under Art. 21.24 V.A.C.C.P. only exists *in reality* on appeal, leaving misjoinder at the time of trial as, *in reality,* an error without a remedy.

But having progressed now to the end of this saga, the majority, having found fundamental error, seeks a painless remedy to the misjoinder. Select one conviction. Leave it intact. Select another conviction. Reverse it. Incredible!!!

Please register my dissent.

McCORMICK, J., joins.