NUMBER 13-99-286-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


FIDEL RICARDO MALLETT
, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 105TH District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez and Rodriguez



Opinion by Justice Chavez





 Without a plea bargain, appellant Fidel Ricardo Mallett entered a
plea of guilty to the offenses of aggravated assault on a peace officer,(1)
criminal mischief,(2) burglary of a building,(3) and theft.(4) The court found
him guilty of all four offenses, and sentenced him to sixteen years
imprisonment for aggravated assault on a peace officer, two years for
criminal mischief, two years for burglary of a building, and five years for
theft. The trial court denied appellant's motion for new trial.

 "Whether entered with or without an agreed recommendation or
punishment by the State, a valid plea of guilty . . . forfeits the right to
appeal a claim of error only when the judgment of guilt was rendered
independent of, and is not supported by, the error." Young v. State, 8
S.W.3d 656, 666-67 (Tex. Crim. App. 2000). By nine issues appellant
claims that three of the charges that the court found him guilty of were
abandoned by the prosecution, that there were two misjoinders of
offenses, that there were two double jeopardy violations, that his pleas
were involuntarily made, and that he received ineffective assistance of
counsel. All of these claims are of error that is not independent of and
does support the judgment of the trial court. In this opinion, we
address all but one of the issues appellant raises and come to the
conclusion that he received ineffective assistance of council, and reverse
and remand this case for a new trial. 

 Appellant was given a job by his father's employer to paint a semi-tractor. After doing considerable work on the vehicle, appellant and a
friend broke into the work area and stole various chattels, including the
semi-tractor and a pick-up truck. They broke through a fence that
surrounds the area with the pick-up truck and left the premises in the
two vehicles. They drove past Nueces County Constable Oscar
Mendoza who pulled appellant over for speeding. Appellant put the
semi-tractor in reverse and backed over the police officer's patrol car. 
Deputy Mendoza fired approximately ten shots at appellant as he drove
away. A short time later, appellant was arrested. Before the trial court,
appellant raised no defense and asked for mercy.

 In his first issue, appellant argues that the trial court found him
guilty of criminal mischief, burglary of a building, and theft after the
prosecutor abandoned the charges for each of these three offenses. To
support this argument, he draws our attention to the following
exchange from the guilt/innocence phase of the trial:


The Court: Is the semi-tractor involved in Count II
the same one as in Count IV?


Mr. Kutnick (prosecutor): Yes, Your Honor.


The Court: And both of those happened at the
same time?


Mr. Kutnick: Yes, Your Honor. Now that you're
mentioning it, I think I've seen some law
that those two counts could be double
jeopardy. We'll abandon the UUMV count.


The Court: Yes. Well, there's no UUMV.


Mr. Hanna (defense attorney): It's a criminal mischief.


Mr. Kutnick: Well, then I think those are separate enough
and we'll keep them in.


The Court: Well, Count II says that there was
criminal mischief upon the tractor.


Mr. Kutnick: Yes, Sir.


The Court: And Count IV says that he stole the
tractor.


Mr. Kutnick: I believe those are completely different and
non-double jeopardy type offenses.


The Court: Were the damages the same?


Mr. Kutnick: They apply to the same vehicle, yes, Your
Honor. To make it easier, I'll go ahead and
abandon.


The Court: Well, I'm just trying to figure this out
as far as the damages are concerned.


Mr. Kutnick: Well, basically, the damages that Mr.
Hastings testified will all apply to Counts II,
III, and IV.


The Court: Okay.


Mr. Kutnick: He testified to the things taken from the
building.


The Court: All right.


Mr. Kutnick: And Nueces County has some separate
damages for that then.


The Court: Okay. Do you have any other
evidence?


Mr. Kutnick: Well, I guess I'd like to call the Defendant
with the Defense's approval --


Mr Hanna: No objection.


Mr. Kutnick: -- on this unrelated charge.


 The State, with the permission of the trial court, may abandon
paragraphs or specific allegations of an indictment. Ex parte Scelles,
511 S.W.2d 300, 301 (Tex. Crim. App. 1974). The trial judge states
"okay" and "all right" in this dialogue, but it is unclear from the record
before us whether he meant these two statements to refer to the
abandonment of the charges or only as responses to the statements
made immediately beforehand by the prosecutor. Since the trial judge
found appellant guilty of each of the four charges a short time after
taking part in the above dialogue, we infer that his statements were not
meant as permission to abandon the allegations as appellant argues. 
We overrule appellant's first issue.

 In his second issue, appellant argues that the burglary of a
building charge and the theft charge arose from a separate criminal
episode than the aggravated assault on a peace officer and criminal
mischief charges, and were therefore improperly joined in the
indictment. Appellant never raised this issue during the proceedings at
the trial court. The Texas Code of Criminal Procedure states: 

If a defendant does not object to a defect, error, or other
irregularity of form or substance in an indictment or
information before the date on which the trial on the merits
commences, he waives and forfeits the right to object to the
defect, error, or irregularity and may not raise the objection
on appeal or in any other post conviction proceeding. 


Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 2000). The court
of criminal appeals has stated:

When the State violates the misjoinder rule by alleging
different offenses in the same charging instrument, the
defendant has three options. First, he may object to the
charging instrument on the ground that the State has
misjoined offenses. . . . Another option is to forego the
motion to quash and file a motion requesting that the State
be made to elect the count upon which it will proceed. . . .
The third option is to make no motion to quash or objection
and urge error on appeal.


Fortune v. State, 745 S.W.2d 364, 368 (Tex. Crim. App. 1988). 
However, the requirement of article 1.14(b) of the code of criminal
procedure went into effect after the court of criminal appeals handed
down its opinion in Fortune. Since this requirement has been in effect,
the holding in Fortune has been rejected by the courts of appeals. Nolte
v. State, 854 S.W.2d 304, 307-08 (Tex. App.--Austin 1993, pet. ref'd);
Anderson v. State, 905 S.W.2d 367, 369-70 (Tex. App.--Fort Worth
1995, pet ref'd); Sanchez v. State, 928 S.W.2d 255, 257-58 (Tex. App.--Houston [14th Dist.] 1996, no pet.). The Texas Constitution provides
that the practice and procedures relating to indictments, including their
contents, sufficiency, and requisites, are to be provided by law. Tex.
Const. art. 5, §12(b). Article 1.14(b) of the code of criminal procedure
was enacted to prevent indictment defects from being brought up for
the first time on appeal. Studer v. State, 799 S.W.2d 263, 270-71 (Tex.
Crim. App. 1990). Any possible misjoinder therefore should have been
brought up before appeal. We overrule appellant's second issue.

 We will now address appellant's fifth, sixth, seventh and eighth
issues together. In these issues, appellant argues for the first time that
his convictions for criminal mischief and theft were barred by the
double jeopardy clauses of the United States and Texas Constitutions,
and the code of criminal procedure. U.S. Const. amends. V, XIV; Tex.
Const. art. I, § 14; Tex. Code Crim. Proc. Ann. art. 28.13 (Vernon 1989). 
The court of criminal appeals restricted this right by placing on the
defendant the burden of raising double jeopardy claims before the
charges against him are submitted to the jury. Gonzalez v. State, 8
S.W.3d 640, 642 (Tex. Crim. App. 2000). Double jeopardy claims may
not be raised for the first time on appeal. Id. at 643. As instructed by
Gonzalez, we overrule appellant's fifth, sixth, seventh, and eighth
issues; appellant lost his right not to be tried twice for the same offense
when he did not object at the proceedings at the trial court.

 We next address appellant's third and fourth issues. In these
issues, appellant argues that he received ineffective assistance of
counsel at trial and at the motion for new trial hearing. The United
States Supreme Court and the Texas Court of Criminal Appeals have
promulgated a two-prong procedure to determine whether
representation was so inadequate that it violated the defendant's sixth
amendment right to counsel. Strickland v. Washington, 466 U.S. 668,
687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App.
1986). First, trial counsel's performance must fall "below an objective
standard of reasonableness." Strickland, 466 U.S. 668, 687-88. This
deficiency must be of the extent that counsel failed to function as
counsel. Yates v. State, 917 S.W.2d 915, 920 (Tex. App.--Corpus
Christi 1996, pet. ref'd). Secondly, the appellant must prove that "the
deficient performance prejudiced the defense" by "a reasonable
probability that, but for counsel's errors, the result of the proceeding
would have been different." Strickland, 466 U.S. at 686, 694. "A
reasonable probability is a probability sufficient to undermine
confidence in the outcome." Id. at 693. "Failure to make the required
showing of either deficient performance or sufficient prejudice defeats
the ineffectiveness claim." Id. at 700. 
 
 

 

 The burden of proving ineffective assistance of counsel is on the
appellant by a preponderance of the evidence. Stafford v. State, 813
S.W.2d 503, 506 (Tex. Crim. App. 1991). The defendant must
overcome a strong presumption that counsel's performance fell within
the wide range of reasonable professional assistance. Tijerina v. State,
921 S.W.2d 287, 289 (Tex. App.--Corpus Christi 1996, no pet.). Here,
appellant has overcome that presumption, and both prongs of the
Strickland test are met.

 Trial counsel did not object to the misjoinder of the offenses, to the
trial court entering a judgment of conviction on the counts of criminal
mischief, burglary of a building, and theft after the prosecution had
announced its intention to abandon those counts, and did not raise a
double jeopardy bar to prosecution to the criminal mischief and theft
charges. Trial counsel did not secure appellant's presence at the
hearing on appellant's motion for new trial, did not request a
continuance so appellant could be brought from the Texas Department
of Corrections, and did not supply any evidence in support of the
motion for new trial. 

 It is fundamental that an attorney must have a firm command of
the facts of the case as well as the governing law before the attorney
can render reasonable effective assistance of counsel. Diaz v. State,
905 S.W.2d 302, 307 (Tex. App.--Corpus Christi 1995, no pet.). At the
guilty plea hearing, appellant stated that his running over of Officer
Mendoza's patrol car was accidental, not intentional. Trial counsel did
not attempt to address this evidence in any sort of attack on the case
against him. Trial counsel should have asked the court to allow
appellant to withdraw his plea of guilty and present this evidence in his
client's favor. See McWherter v. State, 571 S.W.2d 312, 313 (Tex.
Crim. App. 1978). Any trial strategy that trial counsel could possibly
have had when he did not do so is difficult to imagine and below an
objective standard of reasonableness.

 Any trial strategy trial counsel may have had when he did not
make any arguments in his client's favor at the motion for new trial
hearing or even get his client to the proceeding falls below an objective
standard of reasonableness. It is also difficult to imagine any trial
strategy when trial counsel did not raise a double jeopardy bar to
prosecution to the criminal mischief and theft charges, failed to object
to the misjoinder of offenses, and when he failed to object to the trial
court's entering of convictions on the counts of an indictment that the
prosecutor had announced that he would abandon. 

 If the misjoinder of offenses issue were preserved for our review,
we would have reversed and remanded for a new trial. A defendant
may be prosecuted in a single criminal action only for offenses arising
out of the same criminal episode. Tex. Pen. Code § 3.01 (Vernon 1994). 
The legislature has defined "criminal episode" as follows:

the commission of two or more offenses . . . under the
following circumstances:


 (1) the offenses are committed pursuant to the same
transaction or pursuant to two or more
transactions that are connected or constitute a
common scheme or plan; or


 (2) the offenses are the repeated commission of the
same or similar offenses.


Tex. Pen. Code § 3.02 (Vernon 1994). Appellant's aggravated assault
and criminal mischief charges were not part of the same scheme or
plan as his burglary and theft charges. It cannot be said that appellant
had a common scheme or plan to burglarize a building and steal a
semi-tractor as alleged in counts three and four, and then to attract the
attention of Officer Mendoza, assault him by backing the semi-tractor
over his patrol car thereby damaging it, as alleged in counts one and
two. Accordingly, if the misjoinder of offenses issue were preserved
for our review we would have reversed and remanded it for a new trial.

 If the double jeopardy bar to prosecution to the criminal mischief
and theft charges were preserved for our review, we would have
reversed and remanded it for a new trial. The same incident of
misconduct was used to prove the aggravated assault and the criminal
mischief. "The same offense means the identical criminal act, not the
same offense by name." Ex parte Goodbread, 967 S.W.2d 859, 860
(Tex. Crim. App. 1998). Therefore, there was a double jeopardy bar to
prosecution to which appellant's trial counsel did not object. Also, the
evidence presented to prove appellant's specific intent to commit theft
was the same evidence used to prove that appellant committed the
offense of burglary. The State is not entitled to seek convictions for the
two offenses where the evidence at trial shows that only one offense
was committed. Ochoa v. State, 982 S.W.2d 904, 908 (Tex. Crim.
App. 1998). The double jeopardy clause bars prosecution of any
offense which, according to Texas law, includes or is included within
an offense for which the defendant has been prosecuted. Parrish v.
State, 869 S.W.2d 352, 355 (Tex. Crim. App. 1994). Accordingly, there
were two violations of the double jeopardy bar to prosecution.

 Appellant's trial counsel did not attempt to change his client's
plea after appellant testified that he did not have requisite intent to
commit the offense of aggravated assault. Appellant's trial counsel
made no arguments in his favor at the motion for new trial hearing. 
Appellant's trial counsel did not preserve the misjoinder of the offenses
charged against him for our review, nor did he raise the double
jeopardy bar to his prosecution for criminal mischief and theft. 
Appellant has thus shown that his trial counsel's performance was
below an objective standard of reasonableness and that but for these
errors, the result of the proceeding would have been different. Both
prongs of the Strickland test are met. 

 Because we have determined that appellant received ineffective
assistance of counsel, we need not look at his remaining argument. 
Tex. R. App. P. 47.1 (West 2000).

 We REVERSE and REMAND this cause for a new trial.

 MELCHOR CHAVEZ

 Justice

Publish.

Tex. R. App. P. 47.3.

Opinion delivered and filed this

the 6th day of July, 2000.

1. Tex. Pen. Code Ann. § 22.02 (b)(2) (Vernon 1994).
2. Tex. Pen. Code Ann. § 28.03 (Vernon Supp. 2000).
3. Tex. Pen. Code Ann. § 30.02 (Vernon Supp. 2000).
4. Tex. Pen. Code Ann. § 31.03 (Vernon Supp. 2000).