**Fidel Ricardo MALLETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–99–286–CR.**

Court of Appeals of Texas,
Corpus Christi.

July 6, 2000.

Rehearing Overruled Oct. 12, 2000.

Linda J. Rhodes Schauer, Corpus Christi, for Appellant.

Adolfo Aguilo, Jr., Asst. Dist. Atty., Carlos Valdez, Dist. Atty., Corpus Christi, for Appellee.

Before: Justices HINOJOSA, CHAVEZ and RODRIGUEZ.

## OPINION

CHAVEZ, Justice.

Without a plea bargain, appellant Fidel Ricardo Mallett entered a plea of guilty to the offenses of aggravated assault on a peace officer,[1] criminal mischief,[2] burglary of a building,[3] and theft.[4] The court found him guilty of all four offenses, and sentenced him to sixteen years imprisonment for aggravated assault on a peace officer, two years for criminal mischief, two years for burglary of a building, and five years for theft. The trial court denied appellant's motion for new trial.

■ "Whether entered with or without an agreed recommendation or punishment by the State, a valid plea of guilty ... forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error." *Young v. State*, 8 S.W.3d 656, 666–67 (Tex.Crim.App.2000). By nine issues appellant claims that three of the charges that the court found him guilty of were abandoned by the prosecution, that there were two misjoinders of offenses, that there were two double jeopardy violations, that his pleas were involuntarily made, and that he received ineffective assistance of counsel. All of these claims are of error that is not independent of and does support the judgment of the trial court. In this opinion, we address all but one of the issues appellant raises and come to the conclusion that he received ineffective assistance of council, and reverse and remand this case for a new trial.

Appellant was given a job by his father's employer to paint a semi-tractor. After doing considerable work on the vehicle, appellant and a friend broke into the work area and stole various chattels, including the semi-tractor and a pick-up truck. They broke through a fence that surrounds the area with the pick-up truck and left the premises in the two vehicles. They drove past Nueces County Constable Oscar Mendoza who pulled appellant over for speeding. Appellant put the semi-tractor in reverse and backed over the police officer's patrol car. Deputy Mendoza fired approximately ten shots at appellant as he drove away. A short time later, appellant was arrested. Before the trial court, appellant raised no defense and asked for mercy.

■ In his first issue, appellant argues that the trial court found him guilty of criminal mischief, burglary of a building, and theft after the prosecutor abandoned the charges for each of these three offenses. To support this argument, he draws our attention to the following exchange from the guilt/innocence phase of the trial:

The Court: Is the semi-tractor involved in Count II the same one as in Count IV?

Mr. Kutnick (prosecutor): Yes, Your Honor.

The Court: And both of those happened at the same time?

Mr. Kutnick: Yes, Your Honor. Now that you're mentioning it, I think I've seen some law that those two counts could be double jeopardy. We'll abandon the UUMV count.

The Court: Yes. Well, there's no UUMV.

Mr. Hanna (defense attorney): It's a criminal mischief.

---

1. Tex.Pen.Code Ann. § 22.02(b)(2) (Vernon 1994).

2. Tex.Pen.Code Ann. § 28.03 (Vernon Supp. 2000).

3. Tex.Pen.Code Ann. § 30.02 (Vernon Supp. 2000).

4. Tex.Pen.Code Ann. § 31.03 (Vernon Supp. 2000).

Mr. Kutnick: Well, then I think those are separate enough and we'll keep them in.

The Court: Well, Count II says that there was criminal mischief upon the tractor.

Mr. Kutnick: Yes, Sir.

The Court: And Count IV says that he stole the tractor.

Mr. Kutnick: I believe those are completely different and non-double jeopardy type offenses.

The Court: Were the damages the same?

Mr. Kutnick: They apply to the same vehicle, yes, Your Honor. To make it easier, I'll go ahead and abandon.

The Court: Well, I'm just trying to figure this out as far as the damages are concerned.

Mr. Kutnick: Well, basically, the damages that Mr. Hastings testified will all apply to Counts II, III, and IV.

The Court: Okay.

Mr. Kutnick: He testified to the things taken from the building.

The Court: All right.

Mr. Kutnick: And Nueces County has some separate damages for that then.

The Court: Okay. Do you have any other evidence?

Mr. Kutnick: Well, I guess I'd like to call the Defendant with the Defense's approval—

Mr Hanna: No objection.

Mr. Kutnick:—on this unrelated charge.

■ The State, with the permission of the trial court, may abandon paragraphs or specific allegations of an indictment. *Ex parte Scelles,* 511 S.W.2d 300, 301 (Tex. Crim.App.1974). The trial judge states "okay" and "all right" in this dialogue, but it is unclear from the record before us whether he meant these two statements to refer to the abandonment of the charges or only as responses to the statements made immediately beforehand by the prosecutor. Since the trial judge found appellant guilty of each of the four charges a short time after taking part in the above dialogue, we infer that his statements were not meant as permission to abandon the allegations as appellant argues. We overrule appellant's first issue.

■ In his second issue, appellant argues that the burglary of a building charge and the theft charge arose from a separate criminal episode than the aggravated assault on a peace officer and criminal mischief charges, and were therefore improperly joined in the indictment. Appellant never raised this issue during the proceedings at the trial court. The Texas Code of Criminal Procedure states:

> If a defendant does not object to a defect, error, or other irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and may not raise the objection on appeal or in any other post conviction proceeding.

TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.2000). The court of criminal appeals has stated:

> When the State violates the misjoinder rule by alleging different offenses in the same charging instrument, the defendant has three options. First, he may object to the charging instrument on the ground that the State has misjoined offenses.... Another option is to forego the motion to quash and file a motion requesting that the State be made to elect the count upon which it will proceed.... The third option is to make no motion to quash or objection and urge error on appeal.

*Fortune v. State,* 745 S.W.2d 364, 368 (Tex. Crim.App.1988). However, the requirement of article 1.14(b) of the code of criminal procedure went into effect after the court of criminal appeals handed down its opinion in *Fortune.* Since this requirement has been in effect, the holding in *Fortune* has been rejected by the courts of

appeals. *Nolte v. State*, 854 S.W.2d 304, 307–08 (Tex.App.—Austin 1993, pet. ref'd); *Anderson v. State*, 905 S.W.2d 367, 369–70 (Tex.App.—Fort Worth 1995, pet ref'd); *Sanchez v. State*, 928 S.W.2d 255, 257–58 (Tex.App.—Houston [14th Dist.] 1996, no pet.). The Texas Constitution provides that the practice and procedures relating to indictments, including their contents, sufficiency, and requisites, are to be provided by law. TEX. CONST. art. 5, § 12(b). Article 1.14(b) of the code of criminal procedure was enacted to prevent indictment defects from being brought up for the first time on appeal. *Studer v. State*, 799 S.W.2d 263, 270–71 (Tex.Crim.App.1990). Any possible misjoinder therefore should have been brought up before appeal. We overrule appellant's second issue.

■ We will now address appellant's fifth, sixth, seventh and eighth issues together. In these issues, appellant argues for the first time that his convictions for criminal mischief and theft were barred by the double jeopardy clauses of the United States and Texas Constitutions, and the code of criminal procedure. U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 14; TEX.CODE CRIM.PROC.ANN. art. 28.13 (Vernon 1989). The court of criminal appeals restricted this right by placing on the defendant the burden of raising double jeopardy claims before the charges against him are submitted to the jury. *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex.Crim.App. 2000). Double jeopardy claims may not be raised for the first time on appeal. *Id.* at 643. As instructed by *Gonzalez*, we overrule appellant's fifth, sixth, seventh, and eighth issues; appellant lost his right not to be tried twice for the same offense when he did not object at the proceedings at the trial court.

■ We next address appellant's third and fourth issues. In these issues, appellant argues that he received ineffective assistance of counsel at trial and at the motion for new trial hearing. The United States Supreme Court and the Texas Court of Criminal Appeals have promul-

gated a two-prong procedure to determine whether representation was so inadequate that it violated the defendant's sixth amendment right to counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 54–55 (Tex.Crim. App.1986). First, trial counsel's performance must fall "below an objective standard of reasonableness." *Strickland*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674. This deficiency must be of the extent that counsel failed to function as counsel. *Yates v. State*, 917 S.W.2d 915, 920 (Tex.App.—Corpus Christi 1996, pet. ref'd). Secondly, the appellant must prove that "the deficient performance prejudiced the defense" by "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 686, 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 693, 104 S.Ct. 2052. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700, 104 S.Ct. 2052.

■ The burden of proving ineffective assistance of counsel is on the appellant by a preponderance of the evidence. *Stafford v. State*, 813 S.W.2d 503, 506 (Tex.Crim. App.1991). The defendant must overcome a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. *Tijerina v. State*, 921 S.W.2d 287, 289 (Tex. App.—Corpus Christi 1996, no pet.). Here, appellant has overcome that presumption, and both prongs of the *Strickland* test are met.

Trial counsel did not object to the misjoinder of the offenses, to the trial court entering a judgment of conviction on the counts of criminal mischief, burglary of a building, and theft after the prosecution had announced its intention to abandon those counts, and did not raise a double jeopardy bar to prosecution to the criminal mischief and theft charges. Trial counsel

did not secure appellant's presence at the hearing on appellant's motion for new trial, did not request a continuance so appellant could be brought from the Texas Department of Corrections, and did not supply any evidence in support of the motion for new trial.

██ It is fundamental that an attorney must have a firm command of the facts of the case as well as the governing law before the attorney can render reasonable effective assistance of counsel. *Diaz v. State,* 905 S.W.2d 302, 307 (Tex.App.— Corpus Christi 1995, no pet.). At the guilty plea hearing, appellant stated that his running over of Officer Mendoza's patrol car was accidental, not intentional. Trial counsel did not attempt to address this evidence in any sort of attack on the case against him. Trial counsel should have asked the court to allow appellant to withdraw his plea of guilty and present this evidence in his client's favor. *See McWherter v. State,* 571 S.W.2d 312, 313 (Tex.Crim.App.1978). Any trial strategy that trial counsel could possibly have had when he did not do so is difficult to imagine and below an objective standard of reasonableness.

Any trial strategy trial counsel may have had when he did not make any arguments in his client's favor at the motion for new trial hearing or even get his client to the proceeding falls below an objective standard of reasonableness. It is also difficult to imagine any trial strategy when trial counsel did not raise a double jeopardy bar to prosecution to the criminal mischief and theft charges, failed to object to the misjoinder of offenses, and when he failed to object to the trial court's entering of convictions on the counts of an indictment that the prosecutor had announced that he would abandon.

██ If the misjoinder of offenses issue were preserved for our review, we would have reversed and remanded for a new trial. A defendant may be prosecuted in a single criminal action only for offenses arising out of the same criminal episode. Tex.Pen.Code § 3.01 (Vernon 1994). The legislature has defined "criminal episode" as follows:

the commission of two or more offenses . . . under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

Tex.Pen.Code § 3.02 (Vernon 1994). Appellant's aggravated assault and criminal mischief charges were not part of the same scheme or plan as his burglary and theft charges. It cannot be said that appellant had a common scheme or plan to burglarize a building and steal a semi-tractor as alleged in counts three and four, and then to attract the attention of Officer Mendoza, assault him by backing the semi-tractor over his patrol car thereby damaging it, as alleged in counts one and two. Accordingly, if the misjoinder of offenses issue were preserved for our review we would have reversed and remanded it for a new trial.

██ If the double jeopardy bar to prosecution to the criminal mischief and theft charges were preserved for our review, we would have reversed and remanded it for a new trial. The same incident of misconduct was used to prove the aggravated assault and the criminal mischief. "The same offense means the identical criminal act, not the same offense by name." *Ex parte Goodbread,* 967 S.W.2d 859, 860 (Tex.Crim.App.1998). Therefore, there was a double jeopardy bar to prosecution to which appellant's trial counsel did not object. Also, the evidence presented to prove appellant's specific intent to commit theft was the same evidence used to prove that appellant committed the offense of burglary. The State is not entitled to seek convictions for the two offenses where the evidence at trial shows that only one offense was committed. *Ochoa v.*

*State,* 982 S.W.2d 904, 908 (Tex.Crim.App. 1998). The double jeopardy clause bars prosecution of any offense which, according to Texas law, includes or is included within an offense for which the defendant has been prosecuted. *Parrish v. State,* 869 S.W.2d 352, 355 (Tex.Crim.App.1994). Accordingly, there were two violations of the double jeopardy bar to prosecution.

Appellant's trial counsel did not attempt to change his client's plea after appellant testified that he did not have requisite intent to commit the offense of aggravated assault. Appellant's trial counsel made no arguments in his favor at the motion for new trial hearing. Appellant's trial counsel did not preserve the misjoinder of the offenses charged against him for our review, nor did he raise the double jeopardy bar to his prosecution for criminal mischief and theft. Appellant has thus shown that his trial counsel's performance was below an objective standard of reasonableness and that but for these errors, the result of the proceeding would have been different. Both prongs of the *Strickland* test are met.

Because we have determined that appellant received ineffective assistance of counsel, we need not look at his remaining argument. TEX.R.APP.P. 47.1 (West 2000).

We REVERSE and REMAND this cause for a new trial.