IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-490-CR


NO. 3-91-491-CR


NO. 3-91-492-CR


AND


NO. 3-91-493-CR




RANDY NOLTE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT



NOS. 3886, 3887, 3888, & 3889, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING


 





PER CURIAM

 Following a consolidated trial of four indictments, a jury found appellant guilty of
eight counts of indecency with a child, (1) three counts of sexual assault, (2) and one count of
aggravated sexual assault. (3) The complainants were four teenaged boys. The jury assessed
punishment at imprisonment for twenty years and a $10,000 fine for each count of indecency with
a child and sexual assault, and imprisonment for eighty years and a $10,000 fine for the one count
of aggravated sexual assault. Appellant has filed identical briefs in each cause, raising two points
of error. We will affirm.



Misjoinder


 In point of error two, appellant contends the district court erred by overruling his
motion to require the State to elect which counts to submit to the jury. His argument, however,
is more basic. It is appellant's contention that the twelve offenses for which he was convicted
should have been alleged in twelve separate indictments instead of being joined as counts in only
four indictments. (4) Appellant asks this Court to set aside all but one judgment of conviction on
each indictment. The applicable rule is this: two or more offenses may be joined in a single
indictment, with each offense stated in a separate count, if the offenses arise out of the same
criminal episode as that term is defined in the Penal Code. Tex. Code Crim. Proc. Ann. art.
21.24(a) (West 1989). If the indictment contains more than one count, the jury shall be instructed
to return a verdict as to each count, and punishment shall be assessed on each count on which a
guilty verdict is returned. Tex. Code Crim. Proc. Ann. art. 37.07, §§ 1(c), 2(c) (West 1981). 
 



Nos. 3-91-492-CR and 3-91-493-CR

 Since September 1, 1987, "criminal episode" has been defined as follows:



 In this chapter, "criminal episode" means the commission of two or more
offenses, regardless of whether the harm is directed toward or inflicted upon more
than one person or item of property, under the following circumstances:


 (1) the offenses are committed pursuant to the same transaction or pursuant
to two or more transactions that are connected or constitute a common scheme or
plan; or


 (2) the offenses are the repeated commission of the same or similar
offenses.



Tex. Penal Code Ann. § 3.01 (West Supp. 1993). A defendant may be prosecuted in a single
criminal action for all offenses arising out of the same criminal episode. Tex. Penal Code Ann.
§ 3.02 (West 1974). 

 The offenses alleged in these causes, Runnels County cause numbers 3888 and
3889, all occurred after September 1, 1987. The offenses alleged in each of the two indictments
constitute the repeated commission of the same offense. Therefore, the offenses were properly
joined pursuant to article 21.24. Appellant had an absolute right to a severance of the offenses. 
Tex. Penal Code Ann. § 3.04(a) (West 1974); Warmowski v. State, No. 1224-91 (Tex. Crim.
App. May 12, 1993). Appellant did not timely request a severance, however, and the district
court properly submitted each count to the jury. Silva v. State, 831 S.W.2d 819, 823 (Tex.
App.--Corpus Christi 1992, no pet.); see Coleman v. State, 788 S.W.2d 369, 373 (Tex. Crim.
App. 1990). Point of error two is overruled in cause numbers 3-91-492-CR and 3-91-493-CR.



Nos. 3-91-490-CR and 3-91-491-CR

 All of the offenses alleged in Runnels County cause number 3887 and two of the
three offenses alleged in cause number 3886 were committed before September 1, 1987. The
joinder of offenses committed before that date is governed by the law in effect at the time the
offenses were committed. Act of May 22, 1987, 70th Leg., R.S., ch. 387, § 2, 1987 Tex. Gen.
Laws 1900. Before September 1, 1987, the penal code defined "criminal episode" as the repeated
commission of any one property offense. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 3.01,
1973 Tex. Gen. Laws 883, 891 (Tex. Penal Code Ann. § 3.01, since amended). Because the
offenses alleged in these indictments are not property offenses, they did not arise out of the same
criminal episode as then defined and article 21.24 did not authorize their joinder. Ex parte Pena,
820 S.W.2d 806, 808 (Tex. Crim. App. 1991); Fortune v. State, 745 S.W.2d 364, 366 (Tex.
Crim. App. 1988); see also Ex parte Siller, 686 S.W.2d 617 (Tex. Crim. App. 1985); Drake v.
State, 686 S.W.2d 935 (Tex. Crim. App. 1985). 

 Fortune states that when two or more offenses are misjoined in a single indictment,
only one conviction can be obtained on that indictment and any additional convictions on that
indictment are void. 745 S.W.2d at 369. (5) According to Fortune, the defendant has three options
when offenses are misjoined: he may move to quash the indictment before trial, he may request
at trial that the State elect a single count, or he may urge the error on appeal. 745 S.W.2d at 368. 
Fortune quotes with approval this passage from an earlier opinion of the Court of Criminal
Appeals: 



 Where appellant makes no protest at being convicted for more than one
felony under the same indictment . . . this court would not feel called upon to raise
the question on its own motion. But such procedure is so fundamentally erroneous
that it calls for review when raised at almost any time.



Wimberley v. State, 249 S.W. 497 (Tex. Crim. App. 1923) (citation omitted). Thus, Fortune
teaches that when two or more offenses are misjoined in a single indictment, the resulting multiple
convictions are subject to attack but are not a nullity. If the convictions were a nullity, an
appellate court would feel called upon to take corrective action on its own motion. (6) 

 The indictment in Fortune was returned before article V, section 12(b) of the
constitution was adopted and article 1.14(b) of the Code of Criminal Procedure became effective. 
Tex. Const. art. V, § 12(b); Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 1993); see
Fortune, 745 S.W.2d at 371 (Campbell, J., dissenting). Article V, section 12(b) provides that
the practice and procedures relating to the use of indictments, including their contents, sufficiency,
and requisites, are as provided by law. Article 1.14(b) provides that if a defendant does not object
to a defect, error, or irregularity of form or substance in an indictment before the date on which
trial on the merits begins, he waives the right to object and may not raise the objection on appeal
or in any other postconviction proceeding.

 Referring to the legislation that became article V, section 12(b) of the constitution
and article 1.14(b) of the code, the Court of Criminal Appeals observed:



 Clearly both the House and Senate believed that all defects in a charging
instrument were waived if not raised by a defendant before trial. Clearly the
perceived evil they were correcting was the raising of indictment defects for the
first time after a trial and conviction and the subsequent reversal of that conviction
because of that defect.



Studer v. State, 799 S.W.2d 263, 270-71 (Tex. Crim. App. 1990). Fortune and Pena are
examples of the perceived evil article 1.14(b) was intended to correct. Under these authorities,
a defendant confronted with an indictment misjoining offenses had no reason to object. Instead,
he was encouraged to wait until after jeopardy attached and then demand an election, secure in
the knowledge that further prosecution of the abandoned counts was barred by jeopardy. See Ex
parte Scelles, 511 S.W.2d 300 (Tex. Crim. App. 1974). If, for some reason, a trial election was
not requested, it did not matter because the defendant could still have all but one conviction set
aside on appeal or in a postconviction habeas corpus proceeding.

 The indictments in these causes were returned after December 1, 1985, the date
article 1.14(b) became effective. Under article 1.14(b), appellant no longer had available two of
the three options discussed in Fortune. Because he did not bring the misjoinder of offenses to the
attention of the district court prior to trial, he waived his right to thereafter demand an election
by the State and the trial court properly submitted each count to the jury as provided by law. Tex.
Code Crim. Proc. Ann. art. 37.07, §§ 1(c), 2(c). Similarly, appellant's failure to timely object
to the misjoinder waived his right to demand that this Court set aside the convictions arising from
the misjoined offenses. 

 We acknowledge that the court granted postconviction relief in Pena even though
the defective indictment was returned after article 1.14(b) went into effect. See 820 S.W.2d at
807 n.3. Article 1.14(b) is not mentioned in the opinion, however, and we infer from this silence
only that it was not brought to the court's attention. If the Pena court intended to hold that article
1.14(b) does not apply to violations of article 21.24, we are confident it would have said so. 
Point of error two is overruled in cause numbers 3-91-490-CR and 3-91-491-CR.



Exclusion of Expert Testimony


 Appellant's first point of error poses the question asked by Judge Teague in his
dissenting opinion in Duckett v. State, 797 S.W.2d 906, 928 (Tex. Crim. App. 1990): "[M]ay
the defendant in a `pedophile' case now offer `expert' testimony that he or she does not exhibit
certain characteristics common to pedophiles?" 

 Appellant called Curtis Wills, a forensic psychologist, as a defense witness. Wills
testified outside the presence of the jury that persons who sexually abuse children typically exhibit
a certain history. According to Wills, sexual abusers are often loners, indecisive, inadequate
sexually and socially, and alcohol abusers. In addition, they tend to have difficulty relating to
members of the opposite sex and coping with frustration. Finally, Wills stated that sexual abusers
generally possess an unspecified "character disorder." Based on a three-hour interview with
appellant and a review of his military records, Wills determined that appellant manifested none
of these psychological characteristics.

 The district court ruled that Wills could testify concerning the psychological profile
of sexual abusers in general, but could not state his opinion that appellant did not fit that profile. 
The court indicated that defense counsel had correctly summarized the ruling when he said, "[A]s
to the questioning of Dr. Wills on describing different characteristics typically found in the history
of known sexual abusers, it's my understanding that he may testify as to those, but not as to his
assessment of where Randy Nolte fits in, vis-a-vis, any of those known characteristics." In
conformity to the court's ruling, Wills testified concerning the psychological history of the typical
sexual abuser, but was not asked whether appellant's history was or was not consistent with the
typical findings. 

 The district court based its ruling on Texas Rules of Criminal Evidence 405(a),
which provides that "to be qualified to testify concerning the character or trait of character of an
accused, a witness must have been familiar with the reputation, or with the underlying facts or
information upon which the opinion is based, prior to the day of the offense." It is undisputed
that Wills was not qualified under this rule to express an opinion regarding appellant's character. 
Appellant argues, however, that the excluded testimony was not character evidence, but expert
opinion testimony governed by Texas Rules of Criminal Evidence 702, 703, and 704. 

 Appellant chiefly relies on Duckett, in which an expert on child sexual abuse
testified that there was a "child sexual abuse syndrome" consisting of several phases or elements. 
The expert was permitted to testify that he found each element of the syndrome to be present in
the case on trial.



Element by element and over objection, the State was allowed to question [the
expert] first in general terms and then solicit his opinion how each element was
manifested by specific facts in the instant case. In particular, [the expert] was
questioned why the complainant would change her recollection of the events
between the time of the offense and trial . . . . He responded to the first question
by stating that forgetfulness is part of the repression phase. . . . In sum, the
witness was permitted not only to identify the six elements or phases but also was
allowed to testify how specific facts fit within each abstract element. He was not
asked and did not volunteer an opinion whether the complainant was in fact telling
the truth. He did explain why children in general would act in a manner consistent
with that of [the complainant].



797 S.W.2d at 909 (footnote omitted). The Court of Criminal Appeals found no abuse of
discretion in the admission of this testimony. Id. at 920. The Court of Criminal Appeals
concluded that the witness's testimony concerning the syndrome provided information on a topic
not of general knowledge to the average layman. Id. at 917, 920; Tex. R. Crim. Evid. 702. The
court further determined that the testimony was relevant to the cause and that the relevance of the
testimony outweighed the danger of unfair prejudice and confusion. 797 S.W.2d at 917, 920;
Tex. R. Crim. Evid. 401, 403. Although the expert's testimony had the indirect effect of
bolstering the complainant's credibility, the court concluded that the testimony merely assisted the
trier of fact rather than replacing it as decision-maker. 797 S.W.2d at 920; Tex. R. Crim. Evid.
704. Appellant argues by analogy to Duckett that Wills should have been permitted to testify not
only to the existence of a "sex abuser profile," but also to testify how appellant did or did not fit
within the various components of that profile.

 We agree with appellant that the excluded testimony was not character evidence. 
Character is a generalized description of a person's disposition, or of the disposition in respect
to a general trait, such as honesty, temperance, or peacefulness. 33 Steven Goode, Olin Guy
Wellborn III, & M. Michael Sharlot, Guide to the Texas Rules of Evidence: Civil and Criminal
§ 404.2 (Texas Practice 1988 & Supp. 1992). Appellant did not propose to ask Wills if, in his 
opinion, appellant was disposed to commit the alleged offenses. Instead, the proffered testimony
would have compared appellant's psychological profile with that of the typical sexual abuser as
described by Wills. We do not believe that it was necessary for Wills to know or be familiar with
appellant before the offenses were committed in order for him to be qualified to give this
testimony. We hold that rule 405(a) did not apply to Wills's testimony and that the district court
erred by concluding that it did. 

 Having determined that the court's basis for excluding the testimony was erroneous,
we next examine whether the court's ruling can be sustained on another basis. The State asserts
that the testimony was properly excluded for three other reasons, each of which it urged below: 
the testimony was not shown to have a valid scientific basis and was, therefore, irrelevant; the
testimony would not have assisted the jury in understanding the evidence or determining a fact
issue; and the probative value of the testimony was substantially outweighed by the danger of
confusing the issues or misleading the jury. See Tex. R. App. P. 401, 403, 702; Kelley v. State,
824 S.W.2d 568, 573 (Tex. Crim. App. 1992). The difficulty with this argument is that each of
these grounds for exclusion was considered and rejected by the district court. The State objected
to Wills's testimony in its entirety. The district court overruled each of the State's objections
except for that based on rule 405(a). (7) It therefore appears from the record that the district court
determined that Wills's testimony was relevant, that it would assist the jury, and that its probative
value outweighed the danger of confusing the issues. In light of Duckett, this Court cannot say
that these determinations were erroneous as a matter of law, and the record does not support the
conclusion that the court abused its discretion by so finding. See Montgomery v. State, 810
S.W.2d 372, 390 (Tex. Crim. App. 1991) (opinion on motion for rehearing). 

 Finally, the State urges that if the district court erred by excluding the expert
testimony, the error was harmless. Tex. R. App. P. 81(b). When applying the harmless error
rule, a reviewing court should not focus on the propriety of the outcome of the trial. Instead, it
should be concerned with the integrity of the process leading to the conviction. Harris v. State,
790 S.W.2d 568, 587 (Tex. Crim. App. 1989). Among the factors to be considered are: the
source of the error; the nature of the error; whether and to what extent the error was emphasized
by the State; the collateral implications of the error; how much weight a juror would probably
place upon the error; and whether declaring the error harmless would encourage the State to
repeat it with impunity. Id.

 Appellant called numerous friends and business associates as character witnesses. 
These witnesses knew appellant before and at the time of the offenses, and all gave their opinion
that he was not the sort of man to commit the acts of which he was accused. These witnesses
were qualified to give their opinions as to the nature and quality of appellant's social relationships,
and his ability to make decisions and deal with frustration. These witnesses also could have
testified that appellant was not an alcohol abuser. Appellant's wife, who also testified, could have
been asked her opinion of appellant's sexual adequacy. Admittedly, these witnesses were not
psychologists, but it does not take an expert to identify the personal characteristics described in
Wills's sexual abuser profile. In addition, the district court permitted Wills to testify that sexual
abusers typically have elevated scores on portions of the MMPI, and that appellant's scores were
not elevated. 

 At most, the district court's erroneous ruling merely prevented the jury from
hearing Wills's expert opinion that appellant did not fit the sexual abuser profile. Wills
acknowledged in his testimony before the jury, however, that many abusers do not fit the profile. 
We also note that the State called its own expert psychologist to testify in rebuttal. This witness
testified that there is no such thing as a "typical" sexual abuser, and contradicted Wills's testimony
with regard to each of the factors Wills said was included in the sexual abuser profile. In light
of this testimony and Wills's admission that many sexual abusers do not fit the alleged profile, we
are confident that the jury would not have given any significant weight to Wills's opinion that
appellant does not fit the profile.

 Considering the Harris factors as they apply to this cause, we are satisfied beyond
a reasonable doubt that the erroneous exclusion of that portion of Wills's testimony at issue here
did not contribute to the conviction. Because the testimony was not relevant except as to
appellant's guilt, we also find that the error did not contribute to the punishment assessed. Point
of error one is overruled.

 The judgments of conviction are affirmed.



[Before Justices Aboussie, Jones and B. A. Smith]

Affirmed on All Causes

Filed: May 26, 1993

[Publish] 
1.   Tex. Penal Code Ann. § 21.11 (West 1989) and Act of May 12, 1981, 67th Leg., R.S., ch.
202, § 3, 1981 Tex. Gen. Laws 471, 472.
2.   Act of May 29, 1987, 70th Leg., R.S., ch. 1029, § 1, 1987 Tex. Gen. Laws 3474 (Tex.
Penal Code Ann. § 22.011, since amended).
3.   Act of May 29, 1983, 68th Leg., R.S., ch. 977, sec. 3, § 22.021, 1983 Tex. Gen. Laws
5311, 5315 (Tex. Penal Code Ann. § 22.021, since amended).
4.   Each indictment grouped offenses committed against a single victim, with each offense
alleged in a separate count. Some counts alleged the same offense more than once in separate
paragraphs to meet possible variations in the proof. 

 In cause numbers 3886 and 3888, each indictment alleged three counts of indecency with a
child. All three counts of both indictments were submitted to the jury.

 In cause number 3887, the indictment alleged two counts of indecency with a child and one
count of aggravated sexual assault. The latter count contained two paragraphs. The first two
counts and the second paragraph of the third count were submitted to the jury.

 In cause number 3889, the indictment alleged seven counts of sexual assault. Each count
contained two paragraphs. After the district count granted instructed verdicts of not guilty as to
counts one, two, six, and seven, one paragraph each from counts three, four, and five were
submitted to the jury.
5.   A void judgment is one that may be collaterally attacked, while a voidable judgment must
be attacked on direct appeal. Ex parte Shields, 550 S.W.2d 670, 675 (Tex. Crim. App. 1977)
(opinion on rehearing). 
6.   For example, a judgment of conviction returned by a court without jurisdiction of the
offense is a nullity. Bolton v. State, 154 S.W. 1197 (Tex. Crim. App. 1913). Because
jurisdiction cannot be conferred by silence or consent, we believe that an appellate court would
set aside such a judgment even in the absence of a point of error raising the issue. See Garcia v.
Dial, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980).
7.   In addition to the testimony concerning the typical sexual abuser profile, the court permitted
Wills to testify that sexual abusers commonly have elevated scores for impulsive behavior and
defensiveness on the Minnesota Multiphasic Personality Inventory (MMPI). Wills was also
allowed to testify that he administered the MMPI to appellant and to tell the jury appellant's scores
were not elevated. Citing rule 405(a), the court did not permit Wills to tell the jury whether he
believed that appellant's MMPI score was or was not that of a typical sexual abuser. Finally,
Wills was permitted to testify concerning the proper technique for questioning suspected child
sexual abuse victims, but was not allowed to comment on the propriety of the questioning of the
victims in these cases because he was not shown to have an adequate factual basis for expressing
an opinion.