TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00247-CR







Lloyal Hardy, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS, 331ST JUDICIAL DISTRICT


NO. 0930384, HONORABLE LARRY FULLER, JUDGE PRESIDING







 After a jury found appellant guilty of four counts of indecency with a child, Tex.
Penal Code Ann. § 21.11(a)(2) (West 1994), (1) the trial court assessed punishment at confinement
for ten years with 180 days shock probation. Appellant's five points of error are directed to the
trial court's proceeding to judgment and sentence on each of the five counts of the indictment, and
the trial court's failure to suppress the victims' identification of appellant. We will overrule
appellant's points of error and affirm the judgment of the trial court.

 Applicable to the instant cause, a person commits an offense if he exposes his
genitals, knowing that a child younger than seventeen years is present, with intent to arouse or
gratify the sexual desire of any person. (2) The testimony of the four complainants, all girls under
the age of seventeen, showed that they were sitting in the back of a school bus when they observed
a person they identified as appellant exposing his genitals as he followed the bus. The offender
continued to expose himself as he drove along side of the bus. While exposing himself, the
offender made obscene gestures with his face and tongue. The victims were able to write down
the license plate number of the offender's vehicle when he made a u-turn and fled the scene.

 In his first point of error, appellant asserts that the trial court erred in entering
judgment and sentence on each of the four counts of the indictment because the four counts were
misjoined in a single indictment. Appellant was charged in separate counts with indecency with
a child on each of the four girls. Appellant filed a pretrial motion in which he asked the trial
court to compel the State to elect which count it intended to prosecute.

 At a pretrial hearing, defense counsel advised the trial court that appellant "would
hold on that motion [to elect] at this time." In fact, appellant never, at any stage of the
proceeding, requested the trial court to rule on his motion to compel the State to elect. Moreover,
appellant appears to have acquiesced to the trial court's charge allowing the State to obtain
conviction in each of the four counts. After the trial court had completed its charge that contained
application paragraphs corresponding to each of the four counts, the trial court called counsels'
attention to the fact that the charge contained verdict forms for the jury to sign on each of the four
counts. Defense counsel stated that he understood what the trial court was saying and voiced no
objections.

 "If the defendant does not object to a defect, error, or irregularity of form or
substance in an indictment or information before the date on which the trial on the merits
commences, he waives and forfeits the right to object to the defect, error or irregularity and he
may not raise the objection on appeal or in any other post-conviction proceeding." Tex. Code
Crim. Proc. Ann. art. 1.14(b) (West Supp. 1995). Appellant waived his motion to compel the
State to elect by his statement at pretrial that appellant would "hold on that motion." Moreover,
appellant expressly acquiesced to the submission of the court counts in the charge. Ex parte
Cravens, 805 S.W.2d 790 (Tex. Crim. App. 1991); Fortune v. State, 745 S.W.2d 364 (Tex.
Crim. App. 1988), and Wallace v. State, 550 S.W.2d 89 (Tex. Crim. App. 1977), cited by
appellant, were causes tried before the effective date of article 1.14(b). In Ex parte Pena, 820
S.W.2d 806 (Tex. Crim. App. 1991), the court granted post-conviction relief even though the
indictment was returned after the effective date of article 1.14(b). Id. at 808-09. In Nolte v.
State, 854 S.W.2d 304 (Tex. App.--Austin 1993, pet. ref'd), this Court noted that if the Pena court
had intended to hold that Article 1.14 did not apply to misjoinder cases, it would have said so. 
Id. at 308. We hold that appellant waived his right to demand an election by the State. The trial
court properly submitted each count to the jury. Appellant's first point of error is overruled.

 In points of error two through five, appellant contends that the trial court erred in
overruling his pretrial motion to suppress the out-of-court identification of appellant as the
offender. Appellant urges that the identification procedure was impermissibly suggestive because: 
(1) none of the persons in the photographic display looked like the description initially given of
the suspect; (2) the offender was described as a young man, and appellant was the youngest man
in the photographic spread; and (3) appellant's picture was on the top of the page above a blank
spot.

 An in-court identification is not admissible if (1) the photographic display was
impermissibly suggestive, and (2) the suggestive procedure gives rise to a very substantial
likelihood of irreparable misidentification. Delk v. State, 855 S.W.2d 700, 706 (Tex. Crim. App.
1993), cert. denied, 114 S. Ct. 481 (1994). A finding that a challenged pretrial identification was
not impermissibly suggestive will obviate the need to determine whether it created a substantial
likelihood of misidentification. Webb v. State, 760 S.W.2d 263, 269 (Tex. Crim. App. 1988),
cert. denied, 491 U.S. 910 (1989).

 The four victims, all eighth grade students at the same junior high school, identified
appellant from the photographic line-up. Austin Police Officer Rodney Bryant testified that he
used "similar appearing white males in the general age bracket" by utilizing a picture of the owner
of the vehicle driven by the offender and the victims' description of the offender. Bryant
explained to each of the victims that the photograph of the offender might or might not be in the
lineup. Bryant stated that at no time did he ever suggest which photograph a victim should
choose. Each of the victims testified that her identification of appellant was based on what she
had seen at the time of the crime. The victims further testified that all five men appearing in the
lineup were similar in appearance.

 Appellant points to the dissimilarity in the photographic array and the description
in the offense report. The offense report, taken from the description of the suspect given by bus
driver Joseph DeLaCruz, showed the offender to be a person twenty-five to thirty years old with
sandy blond hair. DeLaCruz did not see the lineup and testified that he had not seen appellant nor
anyone else in the courtroom fitting the description he had given the police. DeLaCruz's
description was based on a "very brief glance--when the kids started hollering at me that's him." 
He stated that the man he saw "ran the light and took off." Bryant's testimony showed that he did
not use the offense report in preparing the photographic lineup, but utilized the descriptions
furnished by the victims and a photograph of the registered owner of the vehicle driven by the
offender. While Bryant testified that all persons in the photographs were of similar age and
description, the fact that appellant may have appeared to be the youngest person in the lineup does
not render the array impermissibly suggestive. See Davis v. State, 649 S.W.2d 380, 382 (Tex.
App.--Fort Worth 1983, pet. ref'd).

 Appellant urges that the positioning of appellant's photograph in the number three
spot above a blank space was tantamount to an arrow pointing toward appellant's picture. 
Clearly, the photographic lineup in the instant cause does not bear the suggestive tendency of a
purported lineup that contains a single photograph. See Madden v. State, 799 S.W.2d 683, 695
(Tex. Crim App. 1990), cert. denied, 499 U.S. 954 (1991). Neither the positioning of the
photographs nor appellant's allegations about the variance in the lineup and the description of the
suspect in the offense report persuade us that the lineup was impermissibly suggestive. We hold
that the pretrial identification of appellant was from a photographic lineup that was not
impermissibly suggestive. Our holding obviates the need to determine whether the lineup created
a substantial likelihood of misidentification. Appellant's second through fifth points of error are
overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Judge Presiding

Before Chief Justice Carroll, Justices Aboussie and Davis*

Affirmed

Filed: April 12, 1995

Do Not Publish













* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   This offense took place before September 1, 1994, and is governed by the law in effect
at the time the offense occurred. Act of May 29, 1987, 70th Leg., R.S., ch. 1028, § 1, 1987
Tex. Gen. Laws 3474 (Tex. Penal Code Ann. § 21.11, since amended). Because the code
amendments effective September 1, 1994, did not alter section 21.11 in a manner relevant
to this appeal, we cite the current code for sake of convenience.
2.   Tex. Penal Code Ann. § 21.11(a)(2).