TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00217-CV






In the Matter of J. G.









FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT


NO. C-96-0383-J, HONORABLE DICK ALCALA, JUDGE PRESIDING







 The main issue presented is whether the trial court erred in excluding expert testimony
regarding the results of an ABEL Assessment. A jury found J.G., a minor, guilty of delinquent conduct by
engaging in sexual contact with a child; appellant received a two-year probated sentence. J.G. appeals
raising evidentiary errors. We will affirm the trial court's judgment.


BACKGROUND

 In June 1996, J.G., a fifteen-year-old male at the time of the incident, went swimming at
the Goodfellow Air Force Base Recreation Camp swimming pool. The pool is open to military personnel
and their dependents. On the same day, a group of children and their counselors from the Goodfellow day
camp also arrived to swim at the Goodfellow pool. At some point, J.G. and several of the children in the
pool, including those from the day camp, began playing water games (follow the leader, water tag, etc.). 
Some children engaged in dunking each other; J.G. participated in the dunking activities along with four girls
ranging in age from nine to twelve years old. Later in the day, the four girls reported to their day-camp
counselor that J.G. had put his hands inside their bathing suits and touched their private parts during the
dunking episode. One child later testified that she thought it was a mistake at first but that it happened a
second time. Their counselor, Staci Fuchs, approached J.G. and advised him to keep his hands off the
girls. The head of the recreation camp first told appellant to leave the pool but changed his mind and told
J.G. to wait. The military police eventually arrived and questioned J.G.

 At trial, the State alleged that J.G. had committed two counts of sexual contact with a child;
the petition named only two victims. Appellant filed a pretrial motion in limine objecting to the State's
intention to present evidence that J.G. had also touched the two other girls while in the pool, until the trial
court had an opportunity to conduct a hearing and rule on its admissibility. The court denied appellant's
motion in limine. After a jury trial, the court entered judgment on the jury verdict finding J.G. guilty of two
counts of sexual contact with a child. J.G. now appeals, claiming the trial court erred in excluding expert
testimony and allowing the State to bring in evidence of appellant's "extraneous offenses."


DISCUSSION

 Appellant mainly complains the trial court erred in excluding expert testimony regarding the
results of an ABEL Assessment of J.G. An ABEL Assessment uses physiological responses and self-reporting to measure sexual arousal in several categories including: race, gender, age ranges of children,
adults, and certain behaviors such as voyeurism. At trial, the court conducted a hearing outside the
presence of the jury regarding the expert's testimony of J.G.'s ABEL test results and her conclusion
regarding whether J.G. had a tendency to be aroused by younger girls. The State objected on the basis
that the testimony would not have determined a fact in issue. See Tex. R. Evid. 702. The trial court
sustained the objection, ruling the ABEL report and expert testimony inadmissible. 

 The trial court's decision to admit or exclude expert testimony may not be disturbed on
appeal absent a clear abuse of discretion. Alvarado v. State, 912 S.W.2d 199, 215-16 (Tex. Crim. App.
1995). Even if the trial court's basis for excluding the testimony is erroneous, we may uphold the ruling on
any other legal basis. See Nolte v. State, 854 S.W.2d 304, 310 (Tex. App.--Austin 1993, pet. ref'd). 
Rule 702 allows testimony by experts if "scientific, technical or other specialized knowledge will assist the
trier of fact to understand the evidence or to determine a fact in issue . . . ." Tex. R. Evid. 702. The two-prong test for admissibility is whether the evidence is sufficiently reliable and relevant to help the jury in
reaching accurate results. See Hartman v. State, 946 S.W.2d 60, 62 (Tex. Crim. App. 1997) (citing
Kelly v. State, 824 S.W.2d 568 (Tex. Crim. App. 1992)). Under the present circumstances, we
determine the expert testimony proffered fails for its lack of relevancy in helping the jury reach an accurate
conclusion.

 An intent to arouse and gratify the sexual desire of any person is an element of the offense
of indecent conduct with a child. See Tex. Penal Code Ann. §§ 21.01, 21.11 (West 1994). The expert's
testimony regarding the ABEL test results was offered to show generally that J.G. was not sexually aroused
by young girls ages seven to twelve. (1) Test results revealed that J.G. was not aroused by younger girls but
was aroused by adolescent girls and adult women. These results were intended to lead the jury to conclude
that J.G. did not have the requisite intent to be sexually gratified by the touchings in question. A
determination of whether J.G. had the intent to sexually arouse himself by touching the two girls on that
particular day is clearly within the jury's province and no special knowledge or skill is needed in determining
this issue. See Perkins v. State, 902 S.W.2d 88, 93 (Tex. App.--El Paso), pet. ref'd, 905 S.W.2d 452
(Tex. Crim. App. 1995) (use of expert's testimony limited to situations in which expert's knowledge and
experience on relevant issue are beyond that of average juror).

 The results of an ABEL Assessment are much like the results of a polygraph test, which
are per se inadmissible. See Kugler v. State, 902 S.W.2d 594, 595 (Tex. App.--Houston [1st Dist.]
1995, pet. ref'd); Perkins, 902 S.W.2d at 94-95. Polygraph test results are inadmissible because they
are merely evidence that a witness is truthful on a particular issue. This does more than assist a trier of fact
to understand the evidence; it impermissibly decides an issue the jury is to decide. Perkins, 902 S.W.2d
at 93. Prior to the offering of the ABEL Assessment, J.G. himself testified that any inappropriate touching
was accidental. The ABEL test results, showing that J.G. was not aroused by young girls, would have
essentially bolstered his testimony and demonstrated that J.G. was telling the truth about his lack of intent. 
Rather than assist the jury in understanding the evidence, such expert testimony would have supplanted the
jury's decision. See id. (citing Yount v. State, 872 S.W.2d 706, 710 (Tex. Crim. App. 1993) and
Duckett v. State, 797 S.W.2d 906, 914-15 (Tex. Crim. App. 1990)). For these reasons, we hold the
trial court did not abuse its discretion in excluding the expert testimony regarding the results of the ABEL
Assessment.

 Appellant also complains the trial court erred in allowing the State to offer testimony by two
other young girls (2) who reported that J.G. inappropriately touched them in the pool around the same time
the charged touchings allegedly occurred. J.G. claims this testimony constitutes "extraneous offense"
evidence and is specifically barred by Texas Rule of Evidence 404(b). (3) We disagree. Texas law dictates
that "same transaction contextual evidence" is admissible as an exception under Rule 404(b) when it is
necessary to the jury's understanding of the offense charged. Rogers v. State, 853 S.W.2d 29, 33 (Tex.
Crim. App. 1993); Mayes v. State, 816 S.W.2d 79, 86, 89 n.4 (Tex. Crim. App. 1991). In the present
case, evidence that J.G. touched two other young girls in the same pool on the same day around the same
time constitutes "same transaction" evidence. See Rogers, 853 S.W.2d at 33 (same transaction contextual
evidence admissible where several crimes are intermixed so that they form an indivisible transaction). We
hold the trial court did not abuse its discretion in allowing the two young girls to testify as to other
inappropriate touchings by J.G.

 Finally, appellant claims the trial court erred by allowing in evidence of other extraneous
conduct. Specifically, he complains the State was allowed to question J.G. and Paige Oliphant, the
lifeguard on duty at the time, about J.G.'s prior inappropriate conduct at the pool. Appellant refers to the
following cross-examination of Oliphant:


Q: Did you ever tell them, that day, that you had had prior complaints about [J.G.] in this
regard?

 . . .


Q: Did you not make a statement to them that you had had complaints about [the
touching]?



Appellant also refers to the following cross-examination of J.G.:


Q: . . . has that ever happened to you before, where your hands accidentally wind up
in the bottom part of a swimsuit of a young girl?



We find J.G.'s claim fails for two reasons. First, the record reveals his attorney "opened the door" by
asking Oliphant on direct examination the following: "Prior to that day, had you ever seen any -- anything
inappropriate, or heard of anything inappropriate about [J.G.] at the pool?" Otherwise inadmissible
evidence may be admitted if the party against whom the evidence is offered "opens the door." Schutz v.
State, 957 S.W.2d 52, 71 (Tex. Crim. App. 1997). It was not an abuse of discretion for the trial court
to admit the complained of evidence after appellant had opened the door to evidence of prior inappropriate
conduct. 

 Second, appellant failed to object to the State's line of questioning directed at Oliphant and
J.G. (4) Although J.G. had urged his motion in limine to exclude any reference to extraneous conduct, it is
well settled that the denial of a motion in limine is not sufficient to preserve error for review. See McDuff
v. State, 939 S.W.2d 607, 618 (Tex. Crim. App. 1997). There must be a proper objection to the
proffered evidence at the time of trial. Id. Thus, by failing to object to the State's questions, appellant
failed to preserve his claims for review.


CONCLUSION

 Having determined the trial court did not abuse its discretion in excluding or admitting
evidence, we overrule appellant's three points of error and affirm the judgment of the trial court.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: May 29, 1998

Do Not Publish
1. The two complainants on the amended indictment were ages nine and ten; one of the original
complainants was twelve years old at the time. Outside the jury's presence, the expert testified that the
"young girls" category includes seven to eleven-year olds and may include twelve-year olds.
2. The State's original indictment included these two girls as complainants; it later amended the
indictment by removing their names.
3. "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in
order to show action in conformity therewith. It may, however, be admissible for other purposes, such as
proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given
in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in
the same transaction." Tex. R. Evid. 404(b).
4. With regard to the State's questioning of J.G. about prior inappropriate conduct, appellant's attorney
made one objection: that the State abstain from paraphrasing J.G.'s answer. This is not a Rule 404(b)
objection.



pe